# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

GREGORY L. RUSSELL, JR.,
    *Petitioner,*

v.

STATE OF CONNECTICUT,
    *Respondent.*

No. 3:19-cv-41 (JAM)

## ORDER DISMISSING PETITION FOR WRIT
## OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES

Petitioner Gregory L. Russell, Jr. is a pretrial detainee in the custody of the Connecticut Department of Correction. He has filed a petition for writ of habeas corpus *pro se* and *in forma pauperis* under 28 U.S.C. § 2241. He contends that he has been held in custody for the last 11 months in violation of due process of law, because he was not afforded an opportunity to enter a plea to the charges against him within two weeks of his arrest in January 2018. Doc. #1.

Russell states that his criminal case is still pending, *id.* at 3, and he does not allege any facts to suggest that he has raised his due process claim as grounds for relief before the state trial court, much less that he has exhausted any rights to appellate review in the state courts of Connecticut. To the contrary, Russell has checked boxes on his petition stating that he has *not* filed an appeal. *Id.* at 2-3.

Although the habeas corpus statute, 28 U.S.C. § 2241, does not expressly impose an exhaustion requirement, the Second Circuit has ruled that a state court pretrial detainee must exhaust remedies in state court before seeking habeas corpus relief in a federal court pursuant to § 2241. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976). A petition for writ of habeas corpus is not an instrument for "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."

1

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.). Exhaustion of state remedies "requires that the prisoner fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (internal quotations omitted).

Based on the facts alleged in the complaint, it is unmistakably clear that Russell has not exhausted his state court remedies and therefore that his petition is subject to *sua sponte* dismissal. *See, e.g., U. S. ex rel. Johnson v. Vincent*, 507 F.2d 1309, 1311–13 (2d Cir. 1974); *Mitchell v. Cournoyer*, 2017 WL 1371250, at *2 (D. Conn.), *cert. of appealability denied*, 2017 WL 6032457 (2d Cir. 2017); *Fine v. Erfe*, 2017 WL 1362682, at *2–*4 (D. Conn. 2017); *Akande v. State of Connecticut*, 2006 WL 3832857, at *1 (D. Conn. 2006); *Clary v. Strange*, 2006 WL 322471, at *1 (D. Conn. 2006); *cf. Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000) (allowing for *sua sponte* dismissal of habeas corpus petition where it is "unmistakably clear" that petition was untimely and that the time limits were not subject to equitable tolling).

The petition for writ of habeas corpus is DISMISSED without prejudice to re-filing in the event that Russell shows at some future date that he has fully exhausted his state court remedies. Because he has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall enter. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court shall close this case.

**SO ORDERED** this 14th day of January 2019, at New Haven, Connecticut.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge